501 A.2d 1119

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Dwight Cameron JOHNSTON.**

**COMMONWEALTH of Pennsylvania**

v.

**Dwight Cameron JOHNSTON, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1985.

Filed Nov. 29, 1985.

Petition for Allowance of Appeal
Granted May 7, 1986.

William R. Shaffer, Assistant District Attorney, Butler, for Commonwealth, appellant (at 1541) and appellee (at 1545).

Frank W. Ittel, Jr., Pittsburgh, for appellant (at 1545) and appellee (at 1541).

Before CAVANAUGH, BROSKY and WATKINS, JJ.

BROSKY, Judge:

These cross-appeals are from the judgment of sentence imposed after appellee[1] was found guilty in a bench trial of possession with intent to deliver[2] and simple possession.[3] Appellee contends that: (1) his motion to suppress evidence should have been granted because the totality of the circumstances did not establish probable cause for issuance of a search warrant; and (2) his demurrer should have been sustained because the Commonwealth did not adduce evi-

1. For clarity, we will refer to Dwight Cameron Johnston as appellee and to the Commonwealth as appellant throughout this opinion.
2. 35 Pa.C.S. § 780–113(a)(30).
3. 35 Pa.C.S. § 780–113(a)(16).

dence from which it could be concluded beyond a reasonable doubt that he constructively possessed the contraband recovered in this case. Appellant contends that the sentencing court erred in imposing a sentence for the offense of possession with intent to deliver which was in the mitigated minimum range of the Sentencing Guidelines[4] instead of the minimum range without stating any reasons for doing so. We find no merit to either appeal,[5] but do find that the crime of simple possession should have been merged for sentencing purposes with the crime of possession with intent to deliver. Accordingly, we vacate the judgment of sentence for simple possession and affirm the judgment of sentence for possession with intent to deliver.

On November 1, 1984, appellee was sentenced to five to ten months imprisonment and two years probation for the crime of possession with intent to deliver. An identical concurrent sentence was imposed for the crime of simple possession. The Commonwealth timely filed a motion for modification of sentence which was denied by the lower court. This appeal timely followed.

Appellant argues that the minimum range established by the Sentencing Guidelines for appellee's sentence was 8 to

---

4. See 42 Pa.C.S. § 9721.

5. After a thorough and careful review of the record we find that the opinion of the court below adequately disposes of the issues raised by appellee in his appeal. We would only supplement that opinion as follows. We find appellee's argument as to his demurrer to be in essence one which focuses on what additional evidence the Commonwealth could have brought forward rather than on the proper inquiry of whether the evidence it did adduce was sufficient to withstand a demurrer. Appellee's concentration on one facet of the Commonwealth's proof of constructive possession ignores the principle that while "individually, the circumstances may not be decisive ... in combination they may justify an inference that the accused had both the power to control and the intent to exercise that control, which is required to prove constructive possession." *Commonwealth v. De-Campli*, 243 Pa.Super. 69, 75, 364 A.2d 454, 457 (1976) (citation omitted). In other words, constructive possession may be shown by the totality of the circumstances. See *Commonwealth v. Davis*, 308 Pa.Super. 431, 454 A.2d 612 (1982). We agree with the court below that considering the totality of the circumstances the evidence of constructive possession was sufficient to withstand appellee's demurrer.

12 months imprisonment. It contends that the minimum sentence of five months imposed by the lower court was in the mitigated minimum range and since the sentencing court did not give any reasons for sentencing within this range, the case should be remanded for resentencing.

■ We agree with the Commonwealth that if a sentencing court sentences outside of the minimum range (in the aggravated minimum range or the mitigated minimum range) or outside of the guidelines entirely, it must explain its reasons for doing so. See *Commonwealth v. Royer*, 328 Pa.Super. 60, 476 A.2d 453 (1984); 42 Pa.C.S. § 9721(b); Commonwealth of Pennsylvania Commission on Sentencing, Sentencing Guidelines Implementation Manual at 15. However, we find that the Commonwealth has miscalculated the minimum range that applies in this case and that appellee was, in fact, sentenced in the minimum range provided by the Sentencing Guidelines.

■ Initially, we note appellee's argument that appellate review and a possible subsequent increase in his sentence are precluded by double jeopardy considerations. This argument has already been considered and rejected by this Court.

> Jurists and legal scholars have long deplored the absence of appellate review of trial court determinations fixing criminal sentences. Stern, Government Appeals of Sentences: A Constitutional Response to Arbitrary and Unreasonable Sentences, 18 Amer.Crim.L.Rev. 51, 52. Because of gross and unjustifiable disparity in sentences imposed, a consensus has emerged in Pennsylvania in favor of sentencing guidelines. Those guidelines will be virtually meaningless and uniformity will not be achieved without a right of appellate review. This right to obtain appellate review of sentences has been given equally to defendants and the Commonwealth. Because this right exists, no sentence is final until the right of appellate review has been exhausted or waived. Accordingly, dou-

ble jeopardy considerations do not preclude the application of Pa.R.Crim.P. 1410 to the Commonwealth.

*Commonwealth v. Anderson,* 304 Pa.Super. 476, 481–82, 450 A.2d 1011, 1014 (1982) (footnote omitted).

■ Turning to the merits of the Commonwealth's appeal, we agree with the Commonwealth that the proper offense gravity score[6] to be given to appellee's violation of 35 Pa.C.S. § 780–113(a)(30) was six. Appellee had one previous conviction for violating § 780–113(a)(30). Therefore, the second or subsequent offense section of the Drug Act applied, 35 Pa.C.S. § 780–115.[7] Also, the contraband involved in the current offense was marijuana, a Schedule I, non-narcotic controlled substance. § 303.8 of the Sentencing Guidelines provides that a violation of 35 Pa.C.S. § 780–113(a)(30), where the drug involved is a Schedule I, non-narcotic drug and where 35 Pa.C.S. § 780–115 applies, is assigned an offense gravity score of six.

■ The Commonwealth further argues that the sentence range chart[8] provides that the minimum range for an offense with an offense gravity score of six and a prior record score[9] of two is eight to twelve months. It concludes that appellant should be assigned a prior record score of two because of his prior conviction under Pa.C.S. § 780–113(a)(30). It notes that 35 Pa.C.S. § 780–113(f)(2) provides that a violation of § 780–113(a)(30) with respect to a Schedule I, non-narcotic substance is a felony and that § 303.-7(b)(2)(ii) of the Sentencing Guidelines provides that two points are added to the prior record score for each prior

6. See § 303.8 of the Sentencing Guidelines.

7. § 780–115 provides in relevant part as follows:
(a) Any person convicted of a second or subsequent offense under clause (30) of subsection (a) of section 13 of this act or of a similar offense under any statute of the United States or any state, may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.

8. 303.9 of the Sentencing Guidelines.

9. § 303.7 of the Sentencing Guidelines.

felony violation of The Controlled Substance, Drug, Device and Cosmetic Act (35 Pa.C.S. §§ 780–101, to 780–144).

In concluding that appellee's prior conviction should have given him a prior record score of two, the Commonwealth has, however, overlooked the effect of § 303.7(f) of the Sentencing Guidelines. This section provides as follows:

Past convictions. When the grading of the current offense is dependent upon past convictions, those convictions shall not be used in computing the prior record score. For example: retail theft, some violations of The Controlled Substance, Drug, Device and Cosmetic Act (35 Pa.C.S. §§ 780–101–780–144), and some motor vehicle offenses take a higher statutory classification when the defendant has been previously convicted of the same offense.

In the instant case, as discussed above, the fact that appellant had previously violated § 780–113(a)(30) meant that § 780–115 applied to this case. Under § 780–115, appellee was subject to twice the term of imprisonment that he was subject to for his first violation of § 780–113(a)(30).

§ 780–113(f)(2), as noted above, provides that violation of § 780–113(a)(30) is a felony. It also provides for a term of imprisonment not exceeding five years. Thus, for appellee's current offense, his second violation of § 780–113(a)(30), he would be subject to a term of imprisonment not exceeding ten years.

The question before us thus becomes whether the fact that appellee's past conviction under § 780–113(a)(30) subjects him to a maximum of ten years imprisonment instead of a maximum of five years imprisonment results in the grading of the current offense being dependent upon appellee's past conviction. In order to answer this question, we must first determine what the grading is of an initial violation of § 780–113(a)(30). Although § 780–113(f)(2) classifies such a violation as a felony, it does not indicate whether the felony is of the first, second, or third degree. However, 18 Pa.C.S. § 106(e) provides as follows:

(e) Section applicable to other statutes.—An offense hereafter defined by any statute other than this title shall be classified as provided in this section.

Therefore, in order to classify the offense in question, we turn to the provisions of 18 Pa.C.S. § 106.

18 Pa.C.S. § 106(b)(4) states the following:

A crime is a felony of the third degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than seven years.

Since an initial violation of 35 Pa.C.S. § 780–113(a)(30) is punishable by a maximum of five years imprisonment, we conclude that such a violation is a felony of the third degree.

We must next determine the grading of a subsequent violation of § 780–113(a)(30). As already noted, a subsequent violation is punishable by a maximum of ten years imprisonment. 18 Pa.C.S. § 106(b)(3) provides that:

A crime is a felony of the second degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than ten years.

Therefore, we conclude that a subsequent violation of § 780–113(a)(30) is a felony of the second degree.

In the instant case, appellee's past conviction means that his current offense is classified as a second degree felony instead of as the third degree felony it would have been absent the past conviction. Since the grading of the current offense is thus dependent upon appellee's past conviction, under § 303.7(f) of the Sentencing Guidelines that conviction cannot be used in computing appellee's prior record score. Absent appellee's past conviction, under § 780–113(a)(30), his prior record score was zero since that was his only past conviction. The sentencing guidelines chart provides that the minimum range for an offense with an offense gravity score of six and a prior record score of zero is four to twelve months. Since the minimum sentence imposed on appellee was five months, the court below did,

in fact, sentence appellee in the minimum range applicable under the Sentencing Guidelines. We therefore find no merit in the Commonwealth's appeal.

We do, however, raise, *sua sponte,* the question of merger of the offenses of simple possession with intent to deliver.[10] The record indicates that both charges stemmed from the same act of possession and, therefore, the crimes should have been merged for sentencing purposes. See *Commonwealth v. Edwards,* 302 Pa.Super. 522, 449 A.2d 38 (1982).

When crimes merge for sentencing purposes, the one for which a defendant may be sentenced is the one to which the legislature has attached the greatest penalty. *Commonwealth v. Boerner,* 281 Pa.Super. 505, 422 A.2d 583 (1980). Since violation of 35 Pa.C.S. § 780–113(a)(16) (simple possession) is a misdemeanor, see 35 Pa.C.S. § 780–113(b), and violation of 35 Pa.C.S. § 780–113(a)(30), (possession with intent to deliver) is a felony, appellee should only have been sentenced for the crime of possession with intent to deliver.

Where a case requires a correction of a sentence, this Court has the option of remanding for resentencing or amending the sentence directly. *Commonwealth v. Eberts,* 282 Pa.Super. 354, 422 A.2d 1154 (1980). Since the court in the case *sub judice* imposed identical concurrent sentences for both offenses, we will simply vacate the sentence imposed for the crime of simple possession.

Accordingly, the judgment of sentence for simple possession is vacated. The judgment of sentence for possession with intent to deliver is affirmed.

10. Although appellee has never raised this issue, it is one which this Court may raise *sua sponte* because, it involves the legality of appellee's sentence. See *Commonwealth v. Turner,* 265 Pa.Super. 486, 402 A.2d 542 (1979); *Commonwealth v. Fortune,* 305 Pa.Super. 441, 451 A.2d 729 (1982).