592 A.2d 750

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth MURPHY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 15, 1991.

Filed June 14, 1991.

Joseph J. Hylan, Asst. Public Defender, Norristown, for appellant.

Mary M. Killinger and J. Allen Daringer, Asst. Dist. Attys., Norristown, for Com.

Before ROWLEY, President Judge, and KELLY and BROSKY, JJ.

BROSKY, Judge:

Kenneth Murphy appeals from the judgment of sentence of the trial court following his bench trial convictions of possession of controlled substances,[1] possession of controlled substances with the intent to deliver[2] and conspiracy.[3] Appellant was sentenced to a term-of-imprisonment of eleven and one-half months to twenty-three months regarding the possession conviction;[4] twenty-one months to fifty-nine months regarding the possession with intent to deliver conviction; and, fifteen months to fifty-nine months regarding the conspiracy conviction. The aforementioned sentences were to run concurrent with one-another. The trial court stated,

> Under the sentencing guidelines in 204 Pa.Code Section 303.9(c)(3), . . . for the offense of possession of with intent

1. 35 P.S. § 780–113(a)(16).
2. 35 P.S. § 780–113(a)(30).
3. 18 Pa.C.S. § 903.
4. The trial court noted in its January 18, 1991 opinion, at p. 2, n. 1, that, "[w]hile [it] concedes that the offense of simple possession merges for sentencing purposes, it sentenced the defendant in contemplation that the overall sentence might be appealed."

to deliver ... [the minimum] mitigated range [would be] nine to fifteen months (9–15). [T]his court determined that the appropriate [minimum] sentence was nine to fifteen months[.] Furthermore, the record is clear that this Court would have imposed this [minimum] sentence but for the fact that under the law this Court was compelled to impose at least an additional twelve months to the first nine months pursuant to the enhancement provisions ... in 204 Pa.Code Section 303.9(c)(2). If this section is not mandatory, the matter should obviously be remanded to the sentencing court.

Trial Court Opinion, 1/18/91, at 3–4. The trial court's addition of twelve months to the minimum mitigated sentence range (of nine months) for possession with intent to deliver accounts for appellant's minimum sentence, for possession with intent to deliver, of twenty-one months.

 Appellant claims on appeal that (1) the trial court erred in finding that it was compelled to apply the sentencing enhancement provisions found at 204 Pa.Code § 303.-9(c)(2); and, (2) the trial court erred in applying the sentencing enhancement provision since the trial court did not require the Commonwealth to prove that appellant *intended* to be within one-thousand feet of a school.[5] We vacate appellant's sentences for possession of controlled sub-

5. This is an appeal from the discretionary aspects of a sentence. Appellant has failed to include a concise statement of reasons relied upon for appeal as required by *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), and Pa.R.A.P. 2119(f). The Commonwealth has failed to object to this deficiency. However, this Court still retains the authority to quash the appeal for non-compliance, regardless of whether the Commonwealth objects to the deficiency. *Commonwealth v. Gambal*, 522 Pa. 280, 561 A.2d 710 (1989). The purpose of the inclusion of a "concise statement" is to enable an appellant to demonstrate that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Tuladziecki, supra;* 42 Pa.C.S. § 9781(b). In determining whether there is a substantial question we must ascertain if the Sentencing Code as a whole has been compromised. *Commonwealth v. Ousley*, 392 Pa.Super. 549, 573 A.2d 599 (1990). In the instant case, our review of appellant's claim has not been significantly hampered by the lack of the Rule 2119(f) statement. Furthermore, our review indicated that a substantial question has been presented. *Id.* Hence, we will address the merits of appellant's claims.

stances and possession of controlled substances with intent to deliver and remand for resentencing. Our vacation of these sentences is in response to appellant's first issue and our detection of an illegal component regarding appellant's sentences for violations of the Controlled Substance Act, at 35 P.S. §§ 780–101 *et seq.*[6] Regardless of our vacation of appellant's aforementioned sentences we will address appellant's second claim since the trial court will be faced with this same issue on remand.

While there is a wealth of information emanating from Pennsylvania case law regarding the sentencing guidelines in general there is a paucity of comment specifically regarding 204 Pa.Code § 303.9(c)(2), which states:

(c) Violations of The Controlled Substance, Drug, Device and Cosmetic Act (35 Pa. §§ 780–101–780–144) are assigned guideline sentence ranges according to this subsection.

(2) When the court determines that the defendant either distributed a controlled substance to a person or persons under the age of 18 in violation of 35 P.S. § 780–114, or manufactured, delivered or *possesses with intent to deliver a controlled substance within 1000 feet of a public or private elementary or secondary school, then at least 12 months and up to 36 months shall be added to the guideline ranges ... which would otherwise have been applicable....* [Emphasis added.]

Appellant is not denying that he was within one-thousand feet of a school when he possessed cocaine with intent to distribute. He is only alleging that the enhancement provision was inapplicable in the instant case.

The facts adduced at trial indicated that on March 30, 1989 Norristown, Pennsylvania police officers observed an automobile containing appellant and two other men. The three men exited the vehicle. The police officers observed two bags of cocaine in the rear passenger area of the

6. We are not disturbing appellant's sentence for conspiracy.

vehicle. Appellant and the other two men were arrested.[7] A search of appellant revealed seven bags of cocaine (containing a total of 3.3 grams), a "Pagenet beeper", and $557.55 in United States currency. There was no evidence presented at trial that would have suggested that appellant intended to sell the cocaine to minors.

Appellant alleged at trial that on the day that he was arrested he left his automobile at a repair shop at 7:00 a.m. One of appellant's co-defendants arrived in his automobile and gave appellant a ride to a bar; the men purchased 3.3 grams of cocaine at the bar. Appellant testified that the men drove to another location and parked in an alley in order to administer repairs to the car. Co-defendant Omar Byrd testified that after driving a bit further the car overheated. Byrd stated that the car was then parked, the men left the car in order to walk to a nearby business establishment and were subsequently arrested.

First, we vacate appellant's sentence for possession of a controlled substance and remand for resentencing since the trial court imposed an illegal sentence.[8] The trial court should have merged for sentencing purposes the crimes of possession of controlled substances and possession with intent to deliver since both charges stemmed from the same act of possession. *Commonwealth v. Logan,* 404 Pa.Super. 100, 590 A.2d 300 (1991); *Commonwealth v. Johnston,* 348 Pa.Super. 160, 501 A.2d 1119 (1985), affirmed at 515 Pa. 454, 530 A.2d 74 (1987).

Second, we vacate appellant's sentence for possession with intent to deliver and remand for resentencing in response to appellant's claim in issue number one since the trial court erred in finding that it was compelled, pursuant to the sentencing enhancement provision found at 204 Pa.

7. The car was parked and the men were arrested within one-thousand feet of a school. Appellant and the two other men were tried as co-defendants.

8. Although appellant never raised this issue it is one which this Court may raise *sua sponte* since it involves the legality of appellant's sentence. *Commonwealth v. Johnston,* 348 Pa.Super. 160, 501 A.2d 1119 (1985), affirmed at 515 Pa. 454, 530 A.2d 74 (1987).

Code § 303.9(c)(2), to add at least twelve additional months to appellant's minimum sentence for possession with intent to deliver. The trial court stated that it believed that the addition of at least twelve additional months to appellant's minimum sentence was mandatory.

The imposition of a proper sentence is a matter vested in the sound discretion of the trial court whose determination must be respected unless it involves a manifest abuse of discretion. *Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988); *Commonwealth v. Losch,* 369 Pa.Super. 192, 535 A.2d 115 (1987). However, the trial court must exercise its discretion in accordance with the applicable provisions of the Sentencing Code, 42 Pa.C.S. §§ 9701 *et seq.* The Code provides, in pertinent part, that the trial court

shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing adopted by the Pennsylvania Commission of Sentencing.... In every case where the court imposes a sentence outside the sentencing guidelines ... the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines.

42 Pa.C.S. § 9721(b).

■ Our Supreme Court has stated that a sentencing court is not required to adopt the recommendations in the sentencing guidelines but it must at least consider them. *Commonwealth v. Cornish,* 403 Pa.Super. 492, 589 A.2d 718 (1991); *See Commonwealth v. Sessoms,* 516 Pa. 365, 532 A.2d 775 (1987). The sentencing guidelines do not preclude judicial discretion. *Commonwealth v. Septak,* 359 Pa.Super. 375, 518 A.2d 1284 (1986). The deadly weapon enhancement sentencing guideline, at 204 Pa.Code § 303.4, contains language similar to that found in 204 Pa.Code § 303.9(c)(2), the guideline under consideration in the instant case. Both mandate that an additional minimum

sentence of at least twelve months "shall be added" to a defendant's regular minimum sentence if the enhancement provision is triggered. In reference to the deadly weapon enhancement guideline provision, our Court stated in *Commonwealth v. Cornish, supra,*

> The sentencing court may not disregard this section in determining the appropriate guideline sentencing ranges. *See Commonwealth v. Septak,* 359 Pa.Super. 375, 380, 518 A.2d 1284, 1286 (1986); *Commonwealth v. Drumgoole,* 341 Pa.Super. 468, 474, 491 A.2d 1352, 1355 (1985). [Footnote 4] It is imperative that the sentencing court determine the correct starting point in the guidelines before imposing sentence. [Citations omitted.]
>
> [Footnote 4] Both *Septak* and *Drumgoole* construed the prior sentencing guidelines, which were declared unconstitutional in *Commonwealth v. Sessoms, supra.* The present guidelines were promulgated on February 22, 1988 (effective April 25, 1988). Section 303.4 of the present guidelines is substantially similar to § 303.4 of the prior guidelines.

*Id.,* 403 Pa.Superior Ct. at ——, 589 A.2d at 720.

Hence, in the instant case the sentencing court only had to *consider* the sentencing enhancement provision found at 204 Pa.Code § 303.9(c)(2). The addition of the additional months to appellant's minimum sentence for possession with intent to deliver, pursuant to the enhancement provision, only provided the trial court with the correct starting point in the guidelines before the sentencing court imposed its sentence. *Cornish, supra, Septak, supra, Drumgoole, supra.* The sentencing court was not compelled to add at least an additional twelve months to appellant's sentence for possession with intent to deliver since it could have sentenced outside of the guidelines; a sentence outside of the guidelines would have required "a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S. § 9721(b). Therefore, we vacate appellant's sentence for possession with intent to

deliver and remand to the trial court for resentencing consistent with this opinion.

■ The parties and the trial court aver that appellant's second issue·is one of first impression. Appellant claims that the trial court erred in applying the sentence enhancement provision to his sentence for possession with intent to deliver since it did not require the Commonwealth to first prove that appellant *intended* to be within one-thousand feet of a school when he possessed controlled substances with intent to deliver. Appellant contends that his presence within one-thousand feet of the school was "an accident, an [sic] happenstance, a coincidence[.]" Appellant's Brief at 10.

The instant sentencing guideline under consideration, at 204 Pa.Code § 303.9(c)(2) states, in pertinent part:

> (2) When the [sentencing] court determines that the defendant ... *possesses with intent to deliver a controlled substance within 1000 feet of a ... school*, then at least 12 months and up to 36 months shall be added to the guideline ranges ... which would otherwise have been applicable.... [Emphasis added.]

Appellant cites no Pennsylvania authority to support his position. He refers us to the Federal Comprehensive Drug Abuse Prevention and Control Act of 1970, which is an Act and not merely a sentencing guideline, which contains a similar provision that states, in pertinent part:

> (a) Any person who ... *possess[es] with intent to distribute ... a controlled substance ... within one thousand feet of ... a ... school ...* is ... punishable (1) by a term of imprisonment, or fine, or both up to twice that authorized by ... this title, and (2) at least twice any term of supervised release authorized by section 401(b) for a first offense. [Emphasis added.]

21 U.S.C.S. § 845a(a).

The federal statute was interpreted in *U.S. v. Crew*, 916

F.2d 980 (5th Cir.1990).[9] The court stated that § 845a was enacted to create a "drug-free zone" around schools and to send a clear signal to drug dealers that their presence would not be tolerated within a certain proximity to schools. *Id.* The court also stated that the statute was equally applicable before and after school hours. *Id.* The court further stated that the penalty would be applied whether or not the violator knew that he was within one-thousand feet of a school. *Id.*

In *U.S. v. Holland*, 810 F.2d 1215 (D.C.Cir.1987), the court stated that § 845a does not require the prosecution to prove that the drug trafficker had actual knowledge of his proximity to a school. The court stated that Congressional interest in protecting children from direct and indirect subjection to drug traffic amply supported Congress' decision not to require a showing of *mens rea* of the proximity of a school. *Id.* The court in *Holland* also stated that Congress expected drug traffickers to ascertain their proximity to schools and transfer their operations from those areas or assume the risk for their failure to do so. *Id.*

Appellant cites *U.S. v. Roberts*, 735 F.Supp. 537 (S.D.N.Y.1990). The defendant in *Roberts* did not claim that he should have known that he was possessing drugs within one-thousand feet of a school or that he should have known that there was a school nearby in order to have intended to distribute near a school. The defendant interpreted the statute to mean that he could not be found to have violated § 845a unless he intended to distribute the drugs within one-thousand feet of a school. The court stated that since the statute was ambiguous the court would apply the rule of lenity, which dictates that the ambiguity be resolved in favor of the defendant. *Id.* The district court reversed the defendant's conviction, stating that the statute must be read to require intent to distribute drugs within one-thousand feet of a school.

**9.** There are at present no Third Circuit cases that have discussed or interpreted 21 U.S.C.S. § 845a.

None of the aforementioned federal cases addressed appellant's specific instant claim that the prosecution was required to prove that appellant intended to be within one-thousand feet of a school.[10] "Possession with intent to deliver controlled substances" is a phrase used to characterize a specific crime. 35 Pa.S. § 780–113(a)(30). Equivalent phrasing is found in 204 Pa.Code § 303.9(c)(2): *"possesses with intent to deliver a controlled substance* within 1000 feet of a ... school[.]"* (Emphasis added). The arrangement of the words in § 303.9(c)(2) clearly refers to the crime of "possession with intent to deliver" when it is committed within one-thousand feet of a school. There is no reference to a defendant's intention to be within one-thousand feet of a school, nor is there a reference to a defendant's intention to actually distribute drugs within that zone. The guideline does not read "possession, with intent to deliver within 1000 feet of a school." Our interpretation of the meaning of § 303.9(c)(2) is consistent with the viewpoint enunciated in the aforementioned federal cases: The purpose of this type of sentence enhancement should be to create a drug-free zone around schools and to signal to drug traffickers that their presence in this zone would subject them to longer sentences upon conviction. Hence, we reject appellant's claim that the Commonwealth must prove that a defendant intended to be within one-thousand feet of a school. Accordingly, the trial court did not err in not requiring the Commonwealth to do so.

Appellant's sentences for possession of controlled substances and possession of controlled substances with intent to deliver are vacated; case remanded to the trial court with instructions consistent with this opinion. Jurisdiction is relinquished.

KELLY, J., files a concurring statement.

10. The court in *Roberts* focused on whether that defendant intended to actually distribute drugs within one-thousand feet of a school. It did not address a claim involving a defendant who simply happened to be within the zone because of "coincidence," regardless of whether or not he intended to actually distribute the drugs within the zone.

KELLY, Judge concurring statement:

I join in all aspects of the majority's well reasoned opinion. Although appellant's counsel has failed to recognize and challenge the illegality of the sentences which should have merged, it is clear that we may raise the claim for appellant notwithstanding the failure of counsel to present such an argument. Moreover, with regard to appellant's challenges to the discretionary aspects of his sentence,[1] it is apparent that the trial court confused the intended effect of a sentencing guideline enhancement with the intended effect of a mandatory minimum sentence. The former mandates that an increased sentence be *considered;* the later mandates that a minimum sentence be *imposed. See Commonwealth v. Brown,* 402 Pa.Super. 369, 587 A.2d 6 (1991); *Commonwealth v. Kreiser,* 399 Pa.Super. 370, 582 A.2d 387 (1990). As the United States Supreme Court explained, the Pennsylvania sentencing guidelines enhancement provision simply "ups the ante" for the defendant found to be within the ambit of the enhancement's intent. *McMillan v. Pennsylvania,* 477 U.S. 79, 89, 106 S.Ct. 2411, 2417, 91 L.Ed.2d 67, 78 (1986) (holding that the Pennsylvania deadly weapons enhancement does not violate the right to due process).

I note that I find no error, however, in the trial court's reliance on the legislature's intent in enacting sentencing

---

1. While I agree that appellant's failure to even attempt to comply with Pa.R.A.P. 2119(f) does not hamper our ability to review the instant challenge to the discretionary aspects of sentence, it should be noted that our decision to review appellant's claim is based on efforts to promote judicial economy and a reluctance to fault the *powerless* appellant for *offending* counsel's procedural default. *See Commonwealth v. Ciotto,* 382 Pa.Super. 458, 461 n. 1, 555 A.2d 930, 931 n. 1 (1989); *Commonwealth v. Osteen,* 381 Pa.Super. 120, 125, 552 A.2d 1124, 1126 (1989). This Court has not in the past, nor should it be seen to now, countenance such apparent contempt for the rules and procedure promulgated by our Supreme Court. *See Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). Rather, it remains true that although this Court chose to simply waive the defect instantly, it reserves the right, in its sound discretion, to quash the appeal for such defects or direct immediate compliance in the form of a supplemental Pa.R.A.P. 2119(f) statement. *See Commonwealth v. Penrod,* 396 Pa.Super. 221, 228–30, 578 A.2d 486, 490 (1990) (citing cases).

enhancements which effectively create "drug free school zones." As the trial court recognized, such enhancements were unquestionably put in force in an attempt to protect our youth from the irrefutably colossal and catastrophic consequences of drugs. *See Commonwealth v. Ramos*, 392 Pa.Super. 583, 585–89, 573 A.2d 1027, 1029–30 (1990) (citing authorities). Incumbent upon the sentencer is of course the obligation to pay due deference to the intent and effect of such legislation. Indeed, for the trial court to have disregarded such a factor would well have been an abuse of discretion, as this Court recently held:

> The destructive character of such activity [drug sales] to the well being of society is so well documented as not to require further documentation here. To ignore the provisions established by law for controlling and hopefully deterring such behavior brings the judicial process into question and undermines the confidence of society in the judiciary, while bringing solace and encouragement to the drug peddlers.

*Commonwealth v. Rosario*, 400 Pa.Super. 505, 583 A.2d 1229 (1990) (footnotes omitted) (per Tamilia, J.).