J-S39044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LARRY THOMAS, | : | |
| | : | |
| Appellant | : | No. 1404 EDA 2014 |

Appeal from the Judgment of Sentence entered on December 19, 2013
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-0006620-2013

BEFORE:  BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 17, 2015**

Larry Thomas ("Thomas") appeals from the judgment of sentence imposed following his convictions of possession of a controlled substance ("simple possession") and possession with intent to deliver a controlled substance ("PWID").  **See** 35 P.S. §§ 780-113(a)(16), (30).  We reverse and remand for resentencing.

On May 3, 2013, a narcotics police officer arrested Thomas after observing him perform a hand-to-hand exchange with Helen James ("James") on Union Street in Philadelphia.  A search revealed $301.00 in U.S. currency on Thomas's person and two bags of cocaine on James's person.

Following a non-jury trial, the Honorable Sean F. Kennedy ("Judge Kennedy") found Thomas guilty of simple possession and PWID.[1]  On December 19, 2013, Judge Kennedy sentenced Thomas to one to two years in prison for the PWID conviction, and three years of probation for the simple possession conviction, to run consecutively.  Thomas filed a timely Post-Sentence Motion challenging the legality of his sentence.  The Motion was denied by operation of law.

Thomas filed a timely Notice of Appeal.  On May 12, 2014, the trial court ordered Thomas to submit a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b).  Thomas filed a timely Rule 1925(b) Concise Statement, and the trial court filed an Opinion.

Thomas raises the following issue on appeal: "Did the [trial] court [err by] issuing separate sentences to [Thomas] for possession with intent to deliver a [controlled] substance and possession of a controlled substance when the two offenses should have merged for purposes of sentencing[?]" Brief for Appellant at 6.

Thomas argues that the offenses should have merged for the purposes of sentencing, and requests that the case be remanded to the trial court for resentencing.  *Id*. at 10, 12.  The Commonwealth agrees with Thomas's argument and does not oppose resentencing.  Brief for Appellee at 5.

---

[1] Judge Kennedy acquitted Thomas of criminal conspiracy.

"A claim that the trial court imposed an illegal sentence by failing to merge sentences is a question of law. Accordingly, our standard of review is plenary." **Commonwealth v. Duffy**, 832 A.2d 1132, 1137 (Pa. Super. 2003) (citation omitted).

Convictions for separate crimes may merge where "the crimes arise from a single criminal act and all the statutory elements of one offense are included in the statutory elements of the other offense." **See** 42 Pa.C.S.A. § 9765. Further, where crimes merge for sentencing purposes, "the court may sentence the defendant only on the higher graded offense." **Id**. Simple possession is a lesser-included offense to PWID when both charges arise from the same criminal act. **See Commonwealth v. Johnson**, 501 A.2d 1119, 1123 (Pa. Super. 1985).

Here, Thomas's convictions arose from a single criminal act, the sale of drugs to James. **See** Trial Court Opinion, 12/12/14 at 5 (stating that "there was no doubt that [Thomas's] convictions for PWID and simple possession arose from one criminal act"). Thus, the trial court erred in imposing separate, consecutive sentences for simple possession and PWID. **See Id**. Therefore, because the trial court's error affects the sentencing scheme, we reverse the judgment of sentence and remand for resentencing. **See Id**. at 6.

Judgment of sentence reversed. Case remanded for resentencing. Jurisdiction relinquished.

J-S39044-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2015