J-S34003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID RYAN BATES | : | |
| | : | |
| Appellant | : | No. 661 WDA 2017 |

Appeal from the Judgment of Sentence April 7, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003421-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID RYAN BATES | : | |
| | : | |
| Appellant | : | No. 1195 WDA 2017 |

Appeal from the Judgment of Sentence August 7, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003421-2016

BEFORE:   BOWES, J., STABILE, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:                           **FILED AUGUST 27, 2018**

David Ryan Bates appeals from the judgments of sentence that were imposed on April 7, 2017, and August 7, 2017, following his jury convictions for simple possession of cocaine and firearms violations, and by a subsequent jury for possession with intent to deliver ("PWID") as to the same cocaine. We vacate Appellant's sentence for simple possession of the cocaine, but affirm his judgment of sentence in all other respects.

\* Retired Senior Judge assigned to the Superior Court.

The trial court offered the following summary of the facts underlying Appellant's convictions.

> On the evening of September 24, 2016, Pennsylvania State Police Troopers John Stephanik and his partner were patrolling a high crime area in a marked police cruiser when they encountered a white car with a defunct headlight. The [t]roopers activated their lights and initiated a traffic stop of the white car. Trooper Cody Williams and his partner arrived behind Trooper Stephanik in a second patrol car. As soon as the white car pulled over in front of the two police cruisers, a man jumped out from the right passenger side of the vehicle and fled the scene. Trooper Stephanik jumped out of his patrol car and pursued the fleeing suspect on foot. During the 20 to 25 second chase, the suspect and Trooper Stephanik ran through a yard and over a chain link fence. Trooper Williams, from the second patrol car, also pursued the suspect on foot, for 5 to 10 seconds, attempting to cut him off at an angle. Troopers Stephanik and Williams joined up and tackled the suspect who was attempting to scale a six foot high wooden fence. During the tackle, a large plastic bag containing a powdered substance fell out of the suspect's pocket. The suspect struggled with the officer and was cuffed and taken to the police cruiser. The suspect was identified as our Appellant . . . .
>
> Minutes after the chase, troopers conducted a flashlight search of the suspect's path of travel from his white car to the fence where he was stopped and cuffed. The path of travel was approximately 50 to 75 feet. The troopers found a hat they had observed the suspect wearing when he exited the white car. They also found a bandana and a gun. The hat and bandana were approximately 2 to 3 feet apart, and the gun was approximately 10 feet from the articles of clothing.

Trial Court Opinion, 6/13/17, at 1-2 (citations omitted).

Appellant was arrested and taken to the police station. A second, smaller plastic bag of white powder was recovered from where Appellant sat in the patrol car. Both bags were placed in the same evidence envelope,

where the substances became comingled. Laboratory results on the mixed substance revealed it to be primarily cocaine, with a small amount of caffeine.

At the first trial, the jury (1) found Appellant guilty of possession of a firearm prohibited, firearms not to be carried without a license, and possession of a controlled substance; (2) acquitted him of receiving stolen property; and (3) was unable to agree on a verdict as to PWID. On April 7, 2017, the trial court sentenced Appellant to concurrent sentences on his three convictions, yielding an aggregate term of five to ten years imprisonment.[1]

A new jury trial was held on the PWID charge on June 22, 2017, resulting in a conviction. On August 7, 2017, Appellant was sentenced on the PWID conviction to eighteen to thirty-six months incarceration, set to run consecutively to the five-to-ten-year sentence imposed on April 7, 2017.

Appellant filed timely notices of appeal from both of his judgments of sentence. After a substitution of counsel, the appeals were consolidated. Several extensions of time for the filing of briefs were granted,[2] and the case is now ready for our review.

Appellant presents this Court with the following questions.

---

[1] Appellant was asked whether he wished to continue sentencing on the convictions until after the retrial on PWID, but he declined. N.T. Sentencing, 4/7/17, at 12.

[2] The Commonwealth requested and was granted an extension, but did not file a brief. After being ordered to do so by this Court, the Commonwealth did on July 2, 2018, file exhibits from Appellant's trial that had not previously been included in the certified record.

1. Did the Commonwealth present insufficient evidence to sustain Appellant's convictions for the two violations of the Uniform Firearms Act where the evidence does not establish that Appellant possessed the recovered firearm?

2. Did the Commonwealth present insufficient evidence to sustain Appellant's conviction for possession with the intent to deliver where the State Police packaged two samples of contraband together, admitted the substances were mixed in the lab, and admitted that combining the two would taint the original samples?

3. Did the trial court impose an illegal sentence for possession of a controlled substance where Appellant was subsequently convicted, after a re-trial, for possession with the intent to deliver the same substance?

Appellant's brief at 9.

We begin with the law applicable to our review of Appellant's claims that the evidence was insufficient to sustain his convictions.

Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Williams*, 176 A.3d 298, 305-06 (Pa.Super. 2017)

(citations and quotation marks omitted).

Appellant first challenges the evidentiary sufficiency of his firearms convictions. He was convicted of person not to possess, which prohibits a person convicted of certain offenses from, *inter alia*, possessing or controlling a firearm. 18 Pa.C.S. § 6105(a)(1). He was also convicted of firearms not to be carried without a license, which prohibits the carrying of a firearm in a vehicle or concealed on his person without a valid license. 18 Pa.C.S. § 6106(a).

Appellant challenges the adequacy of the Commonwealth's proof of the possession element of each of these crimes. He contends that the Commonwealth offered no witness who saw Appellant in actual possession of the weapon, or evidence that Appellant had the power or intention to control the gun. Appellant's brief at 37. He claims that the Commonwealth does not sufficiently exclude the possibility "that the firearm had been discarded by an unknown third party." *Id*.

We disagree. As noted above, the Commonwealth was not required to preclude all possibility of Appellant's innocence. *Williams*, *supra* at 306. Although Appellant is correct that there was no direct evidence that he possessed a firearm, the Commonwealth offered compelling circumstantial evidence that the recovered weapon was discarded by Appellant during his flight. As the trial court explained:

> Appellant ignores the following uncontroverted facts: (1) the gun was found on the 50[-]to[-]75[-]foot path he took to flee the police; (2) the gun was lying 5 to 10 feet away from Appellant's hat and bandanna; (3) the gun was found minutes after Appellant

- 5 -

ran through the area; and (4) Trooper Cody Williams testified that in his experience as a State Trooper, he has never found an abandoned gun on the ground and does not know any officers who have ever reported finding a gun on the ground. To find that the gun was not related to the Appellant would be a coincidence of monumental proportions.

Trial Court Opinion, 6/13/17, at 6-7 (citation omitted).

We agree with the trial court that the Commonwealth's circumstantial evidence enabled the jury to conclude beyond a reasonable doubt that Appellant possessed, and discarded during his flight, the firearm recovered by the troopers near the clothing items that Appellant was seen wearing when he exited the vehicle. *See Commonwealth v. Roberts*, 133 A.3d 759, 768 (Pa.Super. 2016) (holding evidence of possession of contraband proven where officer backtracking defendant's path found two bags of cocaine four feet away from defendant's mobile phone). *Accord Commonwealth v. Woodbury*, 477 A.2d 890, 893 (Pa.Super. 1984) (holding, where the victim died of a gunshot wound and the factfinder determined that the defendant was the person who shot the victim, "the factfinder could logically have concluded from all of the evidence that appellant had possession of a gun" although there was no direct evidence that the defendant possessed a weapon). Therefore, Appellant's first issue merits no relief.

Appellant next contends that the evidence at his second trial did not establish that he was guilty of PWID.[3]  Appellant argues that the Commonwealth's evidence that he possessed the controlled substances for purposes of delivery, rather than personal use, was based "almost exclusively on the quantity of the controlled substance[.]"  Appellant's brief at 38.  Appellant observes that there was no indication that he possessed paraphernalia such as scales or a large sum of cash.  *Id*. at 38-39.  Appellant maintains that, because the Commonwealth comingled the two separate bags of powder, it was improper to consider the weight of the substances as the basis for concluding that delivery was his intent.[4]  *Id*. at 40.

---

[3] Appellant does not aver that the evidence was insufficient to sustain his conviction for simple possession of the cocaine.

[4] Appellant also suggests that the comingling of the substances also should have resulted in suppression of the evidence altogether.  Appellant's brief at 40 n.4.  This issue was not raised in the Rule 1925 statement filed by Appellant's trial counsel, and thus was not addressed by the trial court in its opinion.  Accordingly, it is waived for purposes of this appeal.  *See*, *e.g.*, *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) ("[A]ny issues not raised in a Rule 1925(b) statement will be deemed waived[.]").  Although current counsel requests a remand to amend the statement, such is improper when there has not been a total failure to file the court-ordered statement.  *See* Pa.R.A.P. 1925, *Note* (indicating that the remand procedure of subsection (c)(3) of the rule "allows an appellate court to remand in criminal cases only when the appellant has completely failed to respond to an order to file a Statement").  Should Appellant wish to pursue the claim, he may attempt to obtain relief through the Post Conviction Relief Act after his direct appeal has concluded.

Once again, we disagree with Appellant. It is true that the Commonwealth's expert, Trooper William McClellan, testified at length that the amount of powder recovered from Appellant—19.45 grams—indicated that Appellant possessed it with the intent to deliver it. N.T. Trial, 6/22/17, at 119. Indeed, Trooper McClellan indicated that that amount of cocaine "is impossible for a personal use aspect." *Id*. He explained that users typically purchase cocaine by the gram or half-gram, or by the "8 ball,"[5] which "would be an amount that an individual would purchase if they were going out with several other people[.]" *Id*. The full amount Appellant possessed was close to being six 8-balls, and had a value in bulk of $1,400. *Id*. at 120. Each gram individually had a value in Erie of $100. *Id*.

Ted Williams, a civilian chemist employed by the State Police, testified that the contents of the large bag and small bag recovered from Appellant were mixed together in the same container before he tested it. Based upon his visual comparison of the residue in the smaller bag with the contents of the large bag, the substances appeared to be the same. *Id*. at 95-97. The weight of all of the powder combined was 19.45 grams, and tested positive for cocaine. *Id*. at 99. There were also trace amounts of caffeine present in the sample, which is common as caffeine is used as a cutting agent to add to the weight of the substance "to make it go farther." *Id*. at 100-01.

_____

[5] An 8-ball is one-eighth of an ounce, or 3.5 grams. N.T. Trial, 6/22/17, at 119-20.

Importantly, Mr. Williams testified that **over ninety-five percent** of the total weight came from the large bag. *Id*. at 100.

Therefore, assuming for the sake of argument that the substance that had leaked out of the small bag contained absolutely no cocaine, well over eighteen grams of the total contents was cocaine. That number is still well beyond the quantity of cocaine Trooper McClellan indicated is purchased for personal use. Moreover, Appellant had no paraphernalia on his person indicative of personal use. Therefore, Appellant's weight-based challenge to the sufficiency of the evidence to sustain his PWID conviction warrants no relief. *See, e.g.*, *Commonwealth v. Harper*, 611 A.2d 1211, 1217 (Pa.Super. 1992) (holding evidence was sufficient to establish PWID, in absence of cash or paraphernalia for drug dealing, where expert testified that the 11.5 grams of cocaine the defendant possessed was consistent with distribution even though he could not rule out personal use).

With his final issue, Appellant contends that his sentence is illegal.[6] Specifically, he argues that his conviction for possession of the 19.45 grams of cocaine merged for sentencing purposes with his conviction for PWID as to those 19.45 grams of cocaine. Appellant's brief at 42 (citing *Commonwealth v. Murphy*, 592 A.2d 750, 753 (Pa.Super. 1991) ("The trial court should have

_____

[6] This issue was not presented in Appellant's Rule 1925 statement. However, "[a] challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*." *Commonwealth v. Kline*, 166 A.3d 337, 340 (Pa.Super. 2017) (internal quotation marks omitted).

merged for sentencing purposes the crimes of possession of controlled substances and possession with intent to deliver since both charges stemmed from the same act of possession.")).  Appellant indicates that this Court should vacate Appellant's April 7, 2017 sentence for simple possession.

Appellant is correct.  *See Murphy*, *supra*; *see also Commonwealth v. Eicher*, 605 A.2d 337, 353 (Pa.Super. 1992) ("[The] appellant's convictions for his May 17, 1989 possession, [PWID,] and delivery of 7.1 grams of cocaine to the undercover police officer would merge and, in fact, were merged for sentencing purposes. . . because the possession, [PWID,] and the delivery of the identical substance arose out of the same transaction and all were premised on the same set of facts.").  Indeed, the Commonwealth noted at Appellant's August 7, 2017 sentencing hearing that the possession conviction from the first trial "would absolutely merge with the PWID" conviction at the second trial.  N.T. Sentencing, 8/7/17, at 10.

It seems likely that this error occurred because Appellant was sentenced for the crimes at different times by different judges.  Fortunately, it is easily corrected.  On April 7, 2017, Appellant was given a sentence of one to three years for possession, to run concurrently with his five-to-ten-year sentence for possession of a firearm prohibited.  Appellant's August 7, 2017 PWID sentence of eighteen to thirty-six months is consecutive to the firearms sentence.  We may simply vacate his possession sentence without the necessity for resentencing, as we do not disturb the aggregate sentence or

overall sentencing scheme. ***See***, ***e.g.***, ***Commonwealth v. Martinez***, 153 A.3d 1025, 1033 (Pa.Super. 2016) ("We need not remand for re-sentencing, however, as we have not upset the sentencing scheme consisting entirely of concurrent sentences.").

Accordingly, we vacate Appellant's April 7, 2017 sentence at count six of one to three years incarceration, and affirm Appellant's judgment of sentence in all other respects.

Judgment of sentence vacated in part and affirmed in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2018