J-A18016-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LG STREET | : | |
| | : | |
| Appellant | : | No. 1391 WDA 2019 |

Appeal from the Judgment of Sentence Entered May 20, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000759-2018

BEFORE: BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.: FILED SEPTEMBER 25, 2020

Appellant, LG Street, appeals from the May 20, 2019 Judgment of Sentence entered in the Allegheny Court of Common Pleas after a jury convicted him of Assault of a Law Enforcement Officer and related charges, including both firearm and drug offenses. Appellant challenges both the quashal of his subpoena duces tecum for police officer disciplinary records and the sentence that the trial court imposed. Upon review, we affirm in part, vacate in part, and remand for correction of a clerical error in the sentencing Order.

A detailed recitation of the factual and procedural history is unnecessary to our disposition. Briefly, in August 2017, undercover police officers purchased substances resembling cocaine and heroin from Appellant, who fled when officers attempted to arrest him. During the police chase that ensued,

Appellant fired a firearm at Detective Calvin Kennedy before police officers ultimately captured and arrested Appellant.

On August 21, 2018, Appellant served a subpoena duces tecum on the City of Pittsburgh Department of Law requesting: "Disciplinary records for Pittsburgh Bureau of Police Detectives Calvin Kennedy, Scott Love, Thomas Gorecki, and Louis Schweitzer." Subpoena, 8/21/18. On August 29, 2018, the City of Pittsburgh filed a Motion to Quash the Subpoena, asserting that Appellant did not articulate a required reasonable basis for his request. See Motion to Quash at ¶ 8. Appellant filed a Response, averring:

> The most-serious charges in this case depend almost entirely on the fact finder crediting the testimony of the officers[.] . . . Evidence of past instances of excessive force could potentially call into question the version of events that the detectives allege and/or support the version of events that [Appellant] recounted during his statement to the homicide detectives that interviewed him after his arrest.

Response, 9/6/18, at ¶ 15, 16. On September 11, 2018, the trial court quashed the subpoena duces tecum.

After a two-day trial, a jury convicted Appellant of Assault of a Law Enforcement Officer, two counts of Aggravated Assault, Carrying a Firearm without a License, Possession with Intent to Deliver ("PWID") a Controlled Substance, two counts of PWID a Non-Controlled Substance Resembling a Controlled Substance, two counts of Possession of a Controlled Substance ("Possession"), Possession of a Small Amount of Marijuana, Criminal Use of a Communication Facility, Resisting Arrest, and False Identification to Law

Enforcement.[1] On May 20, 2019, after a stipulated bench trial, the trial court convicted Appellant of Persons Not to Possess a Firearm.[2]  Also on May 20, 2019, the trial court sentenced Appellant to an aggregate term of twenty to forty years' incarceration.[3]

After filing timely Post-Sentence Motions, which the trial court denied, Appellant filed a timely Notice of Appeal.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

I.    Where the defense was blocked from seeing the disciplinary records of the central witness regarding a prior shooting

---

[1] 18 Pa.C.S. §§ 2702.1(a), 2702(a)(3), 6106(a)(1); 35 P.S. §§ 780-113(a)(30), (a)(35)(ii), (a)(16), (a)(31); 18 Pa.C.S. §§ 7512(a), 5104, 4914(a), respectively.

[2] 18 Pa.C.S. § 6105(a)(1).

[3] Specifically, the May 20, 2019 Order sentences Appellant as follows:

  a. Count 2:  Assault of a Law Enforcement Officer, 20 to 40 years' incarceration;
  b. Count 3:  Aggravated Assault, 2 to 4 years' incarceration to run concurrently;
  c. Count 5: Aggravated Assault, 2 to 4 years' incarceration to run concurrently;
  d. Count 7: Carrying a Firearm Without a License, 3 to 6 years' incarceration to run concurrently;
  e. Count 8:  Person Not to Possess a Firearm, 6 to 12 months' incarceration to run concurrently;
  f. Count 9:  PWID, 12 to 24 months' incarceration to run concurrently;
  g. Count 10:  Possession, 12 to 24 months' incarceration, to run concurrently;
  h. Counts 11-17:  no further penalty.

Order, 5/20/19.

without a hearing or in camera inspection, did the pretrial judge abuse its discretion in quashing [Appellant]'s subpoena for potentially-exculpatory information?

II. Whether [Appellant]'s sentence was illegal because he received sentences for both greater- and lesser-included offenses?

Appellant's Br. at 7.

In his first issue, Appellant avers that the trial court abused its discretion when it quashed the subpoena duces tecum for police disciplinary records without a hearing or in camera inspection. Appellant's Br. at 19. Appellant argues that he articulated a reasonable basis for the request, namely that he had reason to believe that Detective Kennedy had used excessive force in the past and, therefore, might have biased and/or "motivated" testimony at trial. Id. at 33.

It is well settled that whether a subpoena shall be enforced rests in the trial court's discretion and we will not disturb that ruling unless the record demonstrates an abuse of discretion. Commonwealth v. Mucci, 143 A.3d 399, 411–12 (Pa. Super. 2016). "So long as there is evidence which supports the trial court's decision, it will be affirmed. We may not substitute our judgment of the evidence for that of the trial court." Id. (citation omitted). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." Commonwealth v. Walsh, 36 A.3d 613, 620 (Pa. Super. 2012) (citation omitted).

With regard to obtaining the personnel records of police officers, our Supreme Court has held that "a defendant must first articulate a reasonable basis for his request; a criminal defendant is not entitled to a 'wholesale inspection' of investigatory files." Commonwealth v. Blakeney, 946 A.2d 645, 661 (Pa. 2008) (citations omitted). There is a strong public interest in protecting the privacy and safety of law enforcement officers, and, therefore the request for information must be a "narrowly targeted and supported request for relevant documents." Id. A defendant's subpoena power is not unlimited and, in criminal cases, "when the subpoena is for the production of documents, records, or things, these should be specified." Commonwealth v. Mejia-Arias, 734 A.2d 870, 878 (Pa. Super. 1999) (emphasis in original, citations omitted). "A defendant has no right to obtain or review personnel records in the mere hope that he might uncover some collateral information with which to challenge the credibility of a police officer." Blakeney, 946 A.2d at 661. Moreover, a defendant is entitled to in camera review of investigatory files "only where there is an articulable reason to believe that inspection would lead to the discovery of some relevant evidence." Id.

Upon review of the averments in Appellant's subpoena duces tecum and Response, we find no abuse of discretion in the trial court's quashal of the subpoena without an in camera review because Appellant failed to articulate a reasonable basis for his request. Appellant's subpoena duces tecum baldly requested "disciplinary records" for four detectives involved in Appellant's

arrest, without articulating any reason for the request. In Appellant's Response, he failed to specify how incidences of past excessive force would be relevant to his case, merely averring: "[e]vidence of past instances of excessive force could potentially call into question the version of events that the detectives allege." Response at ¶ 16 (emphasis added). Appellant also asserted in a footnote that he had discovered "publicly-available information" showing that the detectives had been investigated for complaints of excessive force, including use of a firearm, without specifying the source or content of that information. See Response at ¶ 4 n.1. Our review of the record reveals that Appellant was on an impermissible "fishing expedition," hopeful that he would find something in the disciplinary files which might impeach the credibility of the detectives involved in this case. See Mucci, 143 A.3d at 412 (affirming quashal of a subpoena when the appellant failed to articulate a reasonable basis for his request and was simply on a "fishing expedition," hoping to find something in the police files to impeach the credibility of the police officers involved in the case). Accordingly, Appellant is not entitled to relief.[4]

_____

[4] Throughout his Brief, Appellant inaccurately avers that his subpoena duces tecum was narrowly tailored to request disciplinary records from Detective Kennedy's involvement in a 2013 police shooting, and recounts details of that shooting. Appellant also attaches two newspaper articles to his Brief, which describe the 2013 police shooting referenced above. The newspaper articles are not part of the certified record and the trial court was not privy to this information when it quashed the subpoena duces tecum. Accordingly, upon review, this Court cannot consider the articles or any arguments regarding

In his second issue, Appellant avers that the trial court imposed an illegal sentence. Appellant's Br. at 36. Appellant argues that his two counts of Possession at counts 10 (cocaine) and 13 (n-ethypentylone) should merge with his PWID (cocaine) charge at count 9. Id. at 36-38. Appellant also avers that his two counts of PWID a Non-Controlled Substance Resembling a Controlled Substance at counts 11 (cocaine) and 12 (heroin) should merge. Id.

Whether an appellant's convictions merge for sentencing is a question implicating the legality of his sentence; our standard of review is de novo and the scope of our review is plenary. Commonwealth v. Bernard, 218 A.3d 935, 942 (Pa. Super. 2019).

Appellant correctly asserts that Possession and PWID merge for sentencing purposes if both charges stem from the same act of possession. Appellant's Br. at 37 (citing Commonwealth v. Murphy, 592 A.2d 750, 753 (Pa. Super. 1991)). Pursuant to the Sentencing Code, merger takes place when "crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense." 42 Pa.C.S. § 9765. However, this court has declined to merge offenses for sentencing when the convictions

_____

their contents. See Commonwealth v. Martz, 926 A.2d 514, 524 (Pa. Super. Ct. 2007) ("It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case.").

- 7 -

result from the possession and/or intent to deliver different controlled substances, signifying two separate criminal acts. See Commonwealth v. Roberts, 133 A.3d 759, 773–74 (Pa. Super. 2016) (declining to merge two PWID offenses for sentencing when defendant possessed two different controlled substances, namely powder cocaine and crack cocaine, because they were two separate drugs held for sale).

Here, the trial court concedes that Appellant's sentence is illegal because his PWID (cocaine) charge at count 9 should merge with his Possession (cocaine) charge at count 10 for sentencing purposes. Trial Ct. Op., 1/8/20, at 11. Moreover, the trial court acknowledges that there are discrepancies, or clerical errors, between the sentencing transcript and the sentencing Order. Id. at 11. Specifically, the trial court admits that it neglected to impose a sentence for count 9 of PWID (cocaine) during the sentencing hearing, but the sentencing Order imposes a sentence of 12 to 24 months' incarceration. Id. In addition, during the sentencing hearing, the trial court imposed a sentence of 12 to 24 months' incarceration for count 11 of PWID a Non-Controlled Substance Resembling a Controlled Substance, while the sentencing Order imposes a sentence of "no further penalty." Id.

Our Supreme Court has held that "the text of the sentencing order, and not the statements a trial court makes about a defendant's sentence, is determinative of the court's sentencing intentions and the sentence imposed." Commonwealth v. Borrin, 80 A.3d 1219, 1226 (Pa. 2013). However, an exception exists for clerical errors. After sentencing, the trial court retains

"the inherent power to correct errors in its records or orders so they speak 'the truth,' and thereby reflect what actually took place in judicial proceedings[,]" even outside the 30 day period permitted by 42 Pa.C.S. § 5505. Id. at 1227 (citations omitted). "Correctible errors [are] those determined to be 'patent and obvious mistakes.'" Id. (citation and quotation marks omitted).

As to the sentence at count 9 for PWID (cocaine), we find the text of the sentencing Order to be determinative of the court's sentencing intentions because there is not an inconsistent sentence on the record, and therefore, we decline to disturb the imposed sentence. See id. at 1226. As to the sentence at count 11, we find the sentencing Order to contain a patent and obvious mistake because the court imposed an inconsistent sentence on the record and in the sentencing Order. We, thus, conclude that the trial court should correct the Order to reflect the sentencing court's intention expressed at the sentencing hearing and impose a sentence of 12 to 24 months' incarceration to be served concurrently. See id. at 1227.

Additionally, we agree with Appellant and the trial court that count 10 for Possession (cocaine) should merge with count 9 of PWID (cocaine) for sentencing purposes. However, we reject Appellant's argument that count 13 of Possession (n-ethypentylone) merges with count 9 PWID (cocaine), as the offenses involve possession of different controlled substances and are, therefore, separate criminal acts. See Roberts, 133 A.3d at 773–74. Likewise, we decline to merge PWID a Non-Controlled Substance Resembling

a Controlled Substance at counts 11 (cocaine) and 12 (heroin) because the offenses involve the intent to deliver non-controlled substances resembling two different controlled substances, namely cocaine and heroin, constituting two separate criminal acts. See id.

For the foregoing reasons, we vacate the sentence at count 10 for Possession (cocaine). We remand and direct the trial court to correct the clerical error at count 11 for PWID a Non-Controlled Substance Resembling a Controlled Substance (cocaine), and impose a concurrent sentence of 12 to 24 months' incarceration.

Judgment of Sentence affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/25/2020