J-S43044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
HERIBERTO DIAZ :
:
Appellant : No. 1587 EDA 2022

Appeal from the Judgment of Sentence Entered May 18, 2022
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0003459-2019

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED APRIL 25, 2023**

Appellant Heriberto Diaz appeals from the judgment of sentence imposed after a jury convicted him of attempted arson, recklessly endangering another person (REAP), possession of heroin with intent to deliver (PWID), possession of heroin (simple possession), and possession of drug paraphernalia. Appellant argues that the trial court abused its discretion in admitting certain evidence, and he challenges the weight of the evidence and the discretionary aspects of his sentence. Following our review, we affirm the judgment of sentence in part, and vacate in part as to the sentence of simple possession.

On May 4, 2019, the Bethlehem Police Department responded to a report regarding a possible fire in Room 7 of a hotel located at 716 East Fifth Street. Appellant was the sole occupant of the room when police arrived. Appellant told police that he had used crushed paper and lighters to burn the

wall and doorframe of the room, and that the fire had spread to the ceiling. Police officers escorted Appellant out of his hotel room and into the common area, where Appellant sat in a chair while the police called for an ambulance. When the ambulance arrived, Appellant stood up from his seat, and a used syringe needle filled with blood fell from his person and onto the ground. After Officer Robert Taylor saw the syringe, he conducted a pat-down search of Appellant for officer safety.

During the search, Officer Taylor felt a bulge in Appellant's leg area, at which point Appellant stated that he was an "addict" and that the bulge was a pouch filled with heroin. Ultimately, Officer Taylor recovered $544 in currency, three loose packets of heroin, and 21 bundles of heroin which contained an additional 210 packets.

On December 3, 2019, the Commonwealth charged Appellant with criminal attempt to commit arson, REAP, PWID, simple possession, and possession of drug paraphernalia.[1] The criminal information stated that the drug-related charges were based on the evidence that Appellant had possessed 213 packets of heroin. Criminal Information, 12/3/19, at 1-4.

During discovery, the Commonwealth provided Appellant with a lab report reflecting the weight and contents of two heroin packets that had been recovered from Appellant during the search. The report stated that the gross

_____

[1] 18 Pa.C.S. §§ 901(a), 3301(a)(1)(ii); 2705; 35 P.S. §§ 780-113(a)(30); (a)(16); and (a)(32), respectively.

weight of both items was 0.43 grams, and that the net weight of the powder inside of the two packets was 0.015 grams. Lab Report, 8/29/19, at 1. The day before trial, the Commonwealth provided an additional lab report to Appellant which reflected a total weight of 5.5 grams for the heroin recovered from Appellant. Lab Report, 4/11/22, at 1. After hearing argument from Appellant and the Commonwealth, the trial court allowed the Commonwealth to admit the additional lab report "based on the fact that the information itself references the number of packets" that formed the basis of Appellant's PWID charge. N.T. Trial, 4/12/22, at 17-18.

The matter proceeded to a jury trial on April 12, 2022.[2] Ultimately, Appellant was convicted of all charges. On May 18, 2022, the trial court sentenced Appellant to an aggregate term of seven years and eleven months to twenty-five years' incarceration.[3] Appellant filed a timely post-sentence motion seeking reconsideration of his sentence in which he argued that the trial court erred by failing to consider his "severe mental problems" at

_____

[2] We note that Appellant initially entered a negotiated guilty plea to PWID and attempt to commit arson in July of 2020. At that time, Appellant admitted that he had attempted to start a fire in his hotel room and that he had possessed 213 packets of heroin. N.T. Sentencing Hr'g, 7/6/20, at 22-24. However, Appellant later withdrew his guilty plea and proceeded to trial.

[3] Specifically, the trial court sentenced Appellant to consecutive terms of 60 to 180 months' incarceration for attempted arson and 35 to 120 months' incarceration for PWID. The trial court also imposed concurrent terms of 12 to 24 months' incarceration for REAP, 6 to 12 months' incarceration for simple possession, and 3 to 12 months' incarceration for possession of drug paraphernalia. *See* Sentencing Order, 5/18/22, at 1-3.

sentencing. Post-Sentence Mot., 5/23/22, at 1. The trial court denied Appellant's motion on May 27, 2022.

Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with the requirements of Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for review, which we have reordered as follows:

1. Did the trial court err in allowing the Commonwealth to present evidence of a "new" lab report generated the night prior to trial and providing the same to defense on the morning of trial?

2. Did the jury fail to consider the lack of intent to cause damage to property or harm to persons as required under the charge of attempt to commit arson?

3. Was the verdict of the jury . . . against the weight of the evidence and law?

4. Did the trial court err in denying [Appellant's] motion for reconsideration of sentence?

5. Did the trial court err in failing to consider [Appellant's] mental health condition in determining the sentence imposed?

Appellant's Brief at 3-4 (formatting altered).[4]

---

[4] Appellant presented one additional issue in his Rule 1925(b) statement that he does not include in his brief. **See** Rule 1925(b) Statement, 6/27/22. Specifically, Appellant claimed that the trial court erred in denying Appellant's motion to dismiss under Pa.R.Crim.P. 600. **See id.** at 1. Because Appellant did not address this issue in his brief, he abandoned this issue on appeal, and it is therefore waived. **See** Pa.R.A.P. 2116(a), 2119(a); **see also Commonwealth v. McGill**, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding waiver where the appellant abandoned claim on appeal).

**Lab Report**

In his first claim, Appellant argues that the trial court erred in allowing the Commonwealth to admit a second lab report that was provided to Appellant the day before trial. Appellant's Brief at 8. In support, Appellant notes that during discovery, the Commonwealth disclosed an initial lab report which stated that the substance recovered from Appellant weighed 0.43 grams. *Id.* However, the second report listed the weight as more than 5.5 grams. *Id.* Appellant argues that the admission of the second report was highly prejudicial, as his entire "defense was that the amount of drugs [from the first lab report was] consistent with mere [simple] possession and not [PWID]." *Id.* at 8-9. Appellant concludes that the trial court erred by allowing the Commonwealth to introduce the second lab report into evidence which unfairly prejudiced Appellant. *Id.* at 10.

"Decisions involving discovery matters are within the sound discretion of the trial court and will not be overturned absent an abuse of that discretion." *Commonwealth v. Santos*, 176 A.3d 877, 882 (Pa. Super. 2017) (citation and quotation marks omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Id.* (citation and quotation marks omitted).

The purpose of the discovery rules is to prevent a trial by ambush that violates a defendant's right to due process. ***Commonwealth v. Ulen***, 650 A.2d 416, 419 (Pa. 1994).

Pursuant to the Pennsylvania Rules of Criminal Procedure, the Commonwealth is required to disclose "any results or reports of scientific tests . . . that are within the possession or control of the attorney for the Commonwealth." Pa.R.Crim.P. 573(B)(1)(e). Additionally, both the Commonwealth and the defense have a duty to promptly notify the opposing party of additional evidence upon discovery prior to or during trial. ***See*** Pa.R.Crim.P. 573(D).

Further, Rule 573(E) provides:

**(E) Remedy.** If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

Pa.R.Crim.P. 573(E).

However, this Court has explained:

A defendant seeking relief from a discovery violation must demonstrate prejudice. A violation of discovery does not automatically entitle appellant to a new trial. Rather, an appellant must demonstrate how a more timely disclosure would have affected his trial strategy or how he was otherwise prejudiced by the alleged late disclosure.

*Commonwealth v. Causey*, 833 A.2d 165, 171 (Pa. Super. 2003) (citations and quotation marks omitted).

Here, shortly before trial began on April 12, 2022, the trial conducted a hearing to address any remaining pre-trial matters. N.T. Trial, 4/12/22, at 5-18. At that time, the Commonwealth moved to admit an additional lab report that had been completed by the crime lab on April 11, 2022. *Id.* at 7. The Commonwealth explained that although an initial lab report had been completed on August 29, 2019, it had been performed by a now-retired analyst who was unavailable to testify at trial. *Id.* The Commonwealth stated that, in order to correct this issue, it had "requested [that] the drugs be retested by a new analyst who will be available to testify." *Id.* at 8. The Commonwealth noted that although the crime lab completed a re-test on April 5, 2022, the report only contained results for one packet. *Id.* Therefore, the Commonwealth asked the lab to conduct a second re-test to include a finding as to the remaining packets that were recovered from Appellant. *Id.* The Commonwealth stated that after the test was completed on April 11, 2022, it had promptly provided the report to Appellant. *Id.*

Appellant objected to the admission of the April 11, 2022 lab report and argued that he had based his defense strategy on the 0.43 grams reflected in the initial report, which was an amount more consistent with simple possession than PWID. *Id.* at 9-10. Specifically, although Appellant acknowledged that he had been charged with possessing 213 packets of heroin, he argued that the Commonwealth's expert would be unable to

conclude that the heroin was "meant for anything other than personal use" based on the original weight of 0.43 grams. *Id.* at 10.

In response, the Commonwealth argued that, based on the weight of the sample size reflected in the August 29, 2019 lab report, the Commonwealth's expert "could extrapolate, based on the weight of that bag," the total weight of the remaining packets that Appellant had in his possession at the time of the search. *Id.* at 10-11. Therefore, the Commonwealth asserted that, regardless of which lab report was being used, the expert could have testified that the total weight of the heroin was 5.5 grams based on the fact that police recovered a total of 213 packets. *Id.* at 11.

Finally, the Commonwealth noted that the April 11, 2022 lab report was "not exculpatory information," because "[a]t all times we knew there was 213 [packets] of heroin. It does not change the grading of the offense as part of the [criminal i]nformation. It does not change anything." *Id.* at 11-12. Additionally, the Commonwealth reiterated that Appellant had already admitted that the 213 packets were heroin, and that "he packaged the [other packets of] heroin similarly so that he wouldn't overdose." *Id.* at 11.

Ultimately, the trial court stated that it had "reviewed the record and[,] simply based on the fact that the information itself references the number of packets that were charged," the Commonwealth's April 11, 2022 lab report was admissible. *Id.* at 17-18.

In its Rule 1925(a) opinion, the trial court further explained:

As noted by the Commonwealth on the record, the heroin was originally tested in 2019, but prior to trial in April 2022, the Commonwealth determined that the original analyst had retired and would not be available to testify. On April 5, 2022, the Commonwealth received a second lab report analyzing a single packet of heroin. On April 11, 2022, the Commonwealth received a third lab report, provided to [Appellant] prior to jury selection on the morning of April 12, 2022, which included the total weight of the heroin contained in the 213 packets seized from [Appellant's] pocket and underwear. The [c]ourt determined that because the criminal information, filed on December 3, 2019, originally charged [Appellant] with possession of 213 packets of heroin, [Appellant] was not unduly prejudiced by the introduction of the lab report providing the total weight of heroin within those packets. [N.T. Trial, 4/12/22, at 18]. Based on the foregoing, the Commonwealth disclosed the updated lab report as soon as it was received, and there is no basis for [Appellant] to contend that he was surprised by the Commonwealth's attempt to prove the weight of heroin possessed by [Appellant].

Trial Ct. Op., 8/18/22, at 3-4 (footnotes omitted).

Following our review of the record, we discern no abuse of discretion by the trial court. *See Santos*, 176 A.3d at 882. As noted, Appellant was charged with PWID based on allegations that he possessed 213 packets of heroin at the time of his arrest. *See* Criminal Information at 1-4. Since that time, Appellant has been aware that the Commonwealth intended to prove PWID based on the quantity of heroin recovered from Appellant during the search and the manner in which the heroin had been packaged, rather than the weight reflected in the lab report. *See e.g.*, N.T. Plea Hr'g, 7/6/20, at 23 (reflecting the Commonwealth's summary of the factual basis for the PWID charge).

Indeed, at trial, the Commonwealth presented testimony from Detective Anthony Arredondo, who was qualified as an expert in the field of narcotics investigation, sales, and trafficking. *See* N.T. Trial, 4/13/22, at 115. Detective Arredondo opined that the heroin recovered from Appellant was "without a doubt possession with intent to deliver." *Id.* at 119. Specifically, Detective Arredondo explained: "The quantity alone is enough . . . a typical purchase would be a bundle.[5] You have 213 bags here in this case. So you're talking over $2,000 worth of [h]eroin . . . [t]o have this much is typical for a drug dealer, not a user." *Id.* Under these circumstances, even if the Commonwealth violated Rule 573 by failing to provide the updated lab report to Appellant at an earlier time, we conclude that Appellant has failed to demonstrate that he suffered prejudice.[6] *See Causey*, 833 A.2d at 171; *see*

---

[5] The Commonwealth's expert also explained that a "bundle" consisted of ten bags. *See* N.T. Trial, 4/13/22, at 118.

[6] We note that the August 29, 2019 lab report did not provide a total weight for the heroin contained in the 213 packets recovered from Appellant during the initial search. Instead, the report indicated that the gross weight of "two blue glassine bags taped together containing tan powder" recovered from Appellant was 0.43 grams, and the net weight of the heroin powder in one bag from that sample was 0.015 grams. *See* Lab Report, 8/29/19, at 1. At trial, the Commonwealth presented expert testimony from Erin Luck**,** who explained that the lab does not test every packet of heroin, and instead uses "a statistical formula to come up with a sample size large enough to infer about the population" of the remaining packets. *See* N.T. Trial, 4/12/22, at 134. Therefore, even without the adjusted weight from the April 11, 2022 lab report, Appellant had notice that the total weight of the heroin would exceed 0.43 grams.

*also Lopez*, 57 A.3d at 82-83. Therefore, Appellant is not entitled to relief on this claim.

**Weight of the Evidence**

In his next two claims,[7] Appellant argues that the verdict was against the weight of the evidence because the jury failed to consider "the lack of intent to cause properly damage or to harm others" in finding him guilty for arson. Appellant's Brief at 10-11. In support, Appellant notes that at trial, he "emphatically told the jurors that he felt there were people trying to get to him" and that he had started the fire in order to "get the police to his room." *Id.* at 10-11 (citing N.T. Trial, 4/13/22, at 143-45). Therefore, Appellant concludes that the evidence demonstrates that he lacked the requisite intent to sustain a charge of attempt to commit arson. *Id.* at 11.

Before reaching the merits of Appellant's claims, we must determine whether he has preserved these issues for review. Pennsylvania Rule of Criminal Procedure 607(A) provides that a challenge to the weight of the evidence must be raised in a motion for a new trial that is presented orally, on the record, before sentencing, by written motion before sentencing, or in a post-sentence motion. Pa.R.Crim.P. 607(A); ***Commonwealth v. Priest***, 18 A.3d 1235, 1239 (Pa. Super. 2011). The failure to properly preserve a weight of the evidence claim will result in waiver, even if the trial court

---

[7] We note that although Appellant raises these claims as two separate issues in his statement of questions, he has combined them in his brief. ***See*** Appellant's Brief at 6-7. Therefore, we will address both issues together.

addresses the issue in its opinion. ***Commonwealth v. Sherwood***, 982 A.2d 483, 494 (Pa. 2009).

Instantly, the record reflects that Appellant did not move for a new trial at sentencing, nor did he raise this claim in his post-sentence motion. Therefore, Appellant's weight-of-the-evidence claim is waived. ***See Sherwood***, 982 A.2d at 494; Pa.R.Crim.P. 607(A).[8]

### Discretionary Aspects of Sentence

Appellant's remaining issues relate to the discretionary aspects of his sentence. First, Appellant argues that the trial court failed to consider his mental health issues when imposing Appellant's sentence. Appellant's Brief at 6.

---

[8] In any event, even if Appellant had properly preserved a weight-of-the-evidence claim before the trial court, we would conclude that Appellant failed to properly develop this claim for appellate review. Although Appellant challenges the weight of the evidence in his brief, he has failed to support his claim with any citations to case law or statutory authority. "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review." ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted); ***see also Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (holding that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citations omitted). Further, to the extent that Appellant argues that the jury should have credited his own testimony, we will not revisit the jury's credibility determinations or substitute our judgment for that of the trier of fact. ***See Commonwealth v. Cramer***, 195 A.3d 594, 600 (Pa. Super. 2018).

It is well settled that

challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Proctor*, 156 A.3d 261, 273 (Pa. Super. 2017) (some citations omitted and formatting altered).

Here, the record reflects that Appellant preserved his sentencing claims in his post-sentence motion, filed a timely notice of appeal, and included a Pa.R.A.P. 2119(f) statement in his brief. Therefore, we must consider whether Appellant has raised a substantial question for our review.

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

Here, in his Rule 2119(f) statement, Appellant argues that although there was evidence demonstrating that he suffered from mental health issues, the trial court "failed to take Appellant's condition into account" when imposing

its sentence. Appellant's Brief at 5. However, this Court has held that "a claim of inadequate consideration of [factors including mental health issues] does not raise a substantial question for our review." *Commonwealth v. Haynes*, 125 A.3d 800, 807 (Pa. Super. 2015) (citing *Commonwealth v. Cannon*, 954 A.2d 1222, 1229 (Pa. Super. 2008)). Therefore, because Appellant has failed to raise a substantial question for review, his sentencing claim fails.[9] *See Proctor*, 156 A.3d at 273. Accordingly, we affirm.

**Merger**

Finally, we must address whether Appellant's sentences for simple possession and PWID should have merged for sentencing purposes. Although Appellant did not raise this issue on appeal, we may address this issue *sua sponte*. *See Commonwealth v. Watson*, 228 A.3d 928, 941 (Pa. Super. 2020) (holding that questions concerning merger implicate the legality of a sentence, and this Court may address such issues *sua sponte*); *see also*

---

[9] In any event, although Appellant argues that the trial court failed to consider his mental health condition, that claim is belied by the record. The record reflects that the trial court reviewed a pre-sentence investigation (PSI) report and a mental health evaluation prior to sentencing. *See* N.T. Sentencing Hr'g, 5/18/22, at 7. Where a sentencing court is informed by a PSI report, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009); *see also Commonwealth v. Marts*, 889 A.2d 608, 616 (Pa. Super. 2005) (holding that the weight to be afforded the various sentencing factors is a discretionary matter for the sentencing court and its determination will not be disturbed simply because the defendant would have preferred that different weight be given to any particular factor). Therefore, Appellant's claim is meritless.

*Commonwealth v. Tucker*, 143 A.3d 955, 960 (Pa. Super. 2016) (stating that "[a]n illegal sentence must be vacated" (citation omitted)).

When reviewing the legality of a sentence, "our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Tighe*, 184 A.3d 560, 584 (Pa. Super. 2018) (citations omitted).

Section 9765 of the Sentencing Code provides as follows:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense.  Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

This Court has explained, "[t]he statute's mandate is clear.  It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Commonwealth v. Martinez*, 153 A.3d 1025, 1030 (Pa. Super. 2016) (citations omitted).

The crimes of simple possession and PWID are defined as follows:

> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
>       *   *   *
>
> (16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.
>
>       *   *   *

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. §§ 780-113(a)(16), (30).

It is well settled that charges of simple possession and PWID "should [merge] for sentencing purposes" when "both charges [stem] from the same act of possession." **Commonwealth v. Johnston**, 501 A.2d 1119, 1123 (Pa. Super. 1985) (citing **Commonwealth v. Edwards**, 449 A.2d 38 (Pa. Super. 1982)).

Instantly, Appellant was charged with simple possession and PWID based on the same act, namely, Appellant's possession of the 213 bags of heroin. **See** Criminal Information at 1-4. Therefore, Appellant's convictions for simple possession and PWID should have merged for sentencing purposes. **See Johnston**, 501 A.2d at 1123; **see also Martinez**, 153 A.3d at 1030. Accordingly, we are constrained to vacate the sentence imposed for simple possession. **See, e.g.**, **Tucker**, 143 A.3d at 968 (affirming the defendant's convictions but vacating an illegal sentence). Further, we note that because the trial court imposed a concurrent sentence for the simple possession conviction, our disposition does not upset the trial court's overall sentencing scheme. Therefore, it is not necessary to remand this matter for resentencing. **See Commonwealth v. Thur**, 906 A.2d 552, 569-70 (Pa. Super. 2006).

For these reasons, we affirm Appellant's convictions, vacate the sentence imposed for simple possession, and affirm the judgment of sentence in all other respects.

Judgment of sentence affirmed in part, and vacated in part as to the sentence imposed for simple possession. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2023